IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

      **Plaintiff,**

      v.                                                      CASE NO. 24-3051-JWL

(FNU) (LNU), Director,
Federal Bureau of Prisons, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCIL"), formerly known as the United States Penitentiary in Leavenworth, Kansas ("USPL"), filed this pro se civil action regarding his conditions of confinement at FCIL. On July 18, 2024, the Court entered a Memorandum and Order (Doc. 17) ("M&O) granting Plaintiff an opportunity to file a second amended complaint to cure the deficiencies set forth in the M&O, and ordering FCIL officials to submit a limited *Martinez* Report regarding the availability of administrative remedies at FCIL. The Court also denied various motion filed by Plaintiff to supplement his complaint or to file an amended complaint, noting that the Court was denying the motions because the Court is giving Plaintiff an opportunity to file a second amended complaint.

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 18), Motion for Leave to Amend Complaint (Doc. 19), Second Motion of Information Concerning the Removal of Additional Inmates in B-Upper Unit Due to Black Mold and Unsafe Hazardous Living Conditions (Doc. 20), and Second Motion for Preliminary Injunction (Doc. 21).

1

**1.  Motion for Appointment of Counsel (Doc. 18)**

Plaintiff seeks the appointment of counsel, arguing that there are numerous issues in this action that affect every inmate in one way or another. (Doc. 18, at 2.)  Plaintiff makes arguments regarding the merits of his claims. *Id*. at 2–7.  Plaintiff also argues that the issues are complex, he has no legal training, the issues will require medical testing and expert testimony, and as an inmate he is unable to investigate the claims. *Id*. at 7–8.

The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3)

Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's claims survive screening.

## 2.  Motion for Leave to Amend Complaint (Doc. 19)

Plaintiff seeks leave to amend his complaint to add plaintiffs.  (Doc. 19, at 1.)  In denying Plaintiff's previous motion for leave to amend, the Court held that "[b]ecause the Court is granting Plaintiff an opportunity to file a second amended complaint, the current motion for leave to amend is denied."  (Doc. 17, at 17.)  The Court denies the current motion for the same reason.

## 3.  Second Motion of Information Concerning the Removal of Additional Inmates in B-Upper Unit Due to Black Mold and Unsafe Hazardous Living Conditions (Doc. 20)

Plaintiff has filed a second "Motion of Information."  In his first "Motion of Information" Plaintiff stated that prison officials finally recognized the harmful conditions and moved inmates from the most affected areas of the B-Upper Unit to new units and to the front of the unit.  (Doc. 16, at 1.)  Because the first motion only provided information to the Court and did not seek any relief, the motion was denied.

Plaintiff's current motion informs the Court that the prison has now cleared out two additional tiers of the back half of B-Upper Unit, levels three and four, moving approximately 136 inmates, and Warden Carter "has now closed the entire back half of the unit due to black mold and the unsafe and hazardous living conditions."  (Doc. 20, at 1.)  Plaintiff states that the inmates in the front half of the unit are still in danger because "there is no way to seal off the ceilings and walkway areas and giant fans blow in the back half circulating the air and black mold spores."  *Id*.  Plaintiff then requests that all inmates continue to be moved from the B-Upper Unit and for the Unit to be closed.  *Id*. at 2.

To the extent Plaintiff is seeking injunctive relief, the request is denied. To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The provided information suggests that FCIL officials are attempting to address the concerns regarding the conditions in B-Upper Unit, and have continued their efforts since

4

Plaintiff filed his first motion. The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. However, the Court denies the request for injunctive relief without prejudice to refiling a motion after the *Martinez* Report has been filed and the Court has screened any second amended complaint filed by Plaintiff.

**4. Second Motion for Preliminary Injunction (Doc. 21)[1]**

Plaintiff has filed a second motion seeking injunctive relief regarding the freeze on his inmate account. Plaintiff asks the Court to order the BOP to stop all types of harassment and retaliation and to order "the prison to immediately un-freeze and to restore his prison trust fund account and money taken from his Tru-Linc Account for e-mail and family communications . . . [and his] Tru-Linc Phone Account to be restored for family communications." (Doc. 21, at 1–2.) Plaintiff also seeks an order requiring the prison to restore his Financial Responsibility Plan back to $50 per quarter. *Id*. at 2. Plaintiff notes that he has not received a response to his grievance on the issue. *Id*. at 3.

In denying Plaintiff's first motion for injunctive relief, the Court found that:

> To the extent Plaintiff is concerned that he is unable to access his account to pay the filing fee in this case, the Court notes that the Court is provisionally granting Plaintiff leave to proceed in forma pauperis. Plaintiff claims in the motion that he has filed a letter "as well as a BP-8 and 9 which are to Unit Team and Warden Carter" and that he also gave a copy to the Associate Warden to give to Warden Carter. *Id*. at 8. Plaintiff states that he has not received a response. *Id.*

---

[1] Plaintiff indicates that he is filing the motion in this Court and in the Tenth Circuit Court of Appeals. He states that this is his second request in this Court and his first request to the Tenth Circuit Court of Appeals. (Doc. 21, at 1.) Because Plaintiff does not indicate that he is seeking reconsideration of this Court's denial of his first motion, or an interlocutory appeal, the Court has not treated his second motion as a motion to reconsider or as a notice of interlocutory appeal.

>Plaintiff filed this case on April 11, 2024, and his attached grievance is dated June 4, 2024. Therefore, he did not exhaust his administrative grievances on the issues regarding his prison account prior to filing this action. Although Plaintiff had not received a response by the time he filed his motion—eight days after he filed the grievance—it is unclear what the current status is regarding his grievance and whether or not he received a response or relief. As set forth above, the Court is concerned regarding whether or not the BOP's ARP is available at FCIL and is ordering a limited *Martinez* Report on the issue.
>
>The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. However, the Court denies the request for injunctive relief without prejudice to refiling the motion after the *Martinez* Report has been filed and the Court has screened any second amended complaint filed by Plaintiff.

(Doc. 17, at 18–19.)

The Court denies the current motion for the same reasoning set forth in the Court's M&O. The Court also notes that deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

The Court's M&O provides that "[n]o motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared and filed." (Doc. 17, at 21.)

Plaintiff should refrain from filing any additional motions until the Report has been filed and the Court has screened any second amended complaint that he files.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 18) and motion (Doc. 20) seeking injunctive relief are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 19 and 21) are **denied.**

**IT IS SO ORDERED**.

Dated July 22, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**