IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

    **Plaintiff,**

v.                                             CASE NO. 24-3051-JWL

(FNU) (LNU), Director,
Federal Bureau of Prisons, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCIL"), filed this pro se civil action regarding his conditions of confinement at FCIL. On July 18, 2024, the Court entered a Memorandum and Order (Doc. 17) granting Plaintiff an opportunity to file a second amended complaint to cure the deficiencies set forth in the Memorandum and Order, and ordering FCIL officials to submit a limited *Martinez* Report regarding the availability of administrative remedies at FCIL. The *Martinez* Report (Doc. 35) was filed on August 19, 2024, and Plaintiff filed his Second Amended Complaint (Doc. 41) on September 11, 2024. This matter is before the Court on the motion (Doc. 53) seeking to join this case filed by Christopher N. Roth. Mr. Roth has also filed a motion for leave to proceed in forma pauperis (Doc. 54).

The claims that the movant alleges he has in common with Plaintiff have not passed screening. Furthermore, courts have found permissive joinder of plaintiffs not feasible in prisoner litigation. Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in

multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").

This Court has previously decided that prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion (Doc. 53) seeking to join this case filed by Christopher N. Roth, is **denied**.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 54) file by Christopher N. Roth is **denied as moot.**

**IT IS SO ORDERED**.

**Dated December 23, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3