## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONALD JOSEPH WEST,**

      **Plaintiff,**

      v.                      **CASE NO. 24-3051-JWL**

**(FNU) (LNU), Director,**
**Federal Bureau of Prisons, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCIL"), filed this pro se civil action regarding his conditions of confinement at FCIL. On July 18, 2024, the Court entered a Memorandum and Order (Doc. 17) granting Plaintiff an opportunity to file a second amended complaint to cure the deficiencies set forth in the Memorandum and Order, and ordering FCIL officials to submit a limited *Martinez* Report regarding the availability of administrative remedies at FCIL. This matter is before the Court for screening Plaintiff's Second Amended Complaint (Doc. 41) ("SAC"). The Court's screening standards are set forth in the Court's Memorandum and Order at Doc. 17.

### I. Pending Motions

The Court cautioned Plaintiff on more than one occasion that he should refrain from filing any motions or other pleadings until the Court had screened his SAC. *See* Doc. 17, at 21; Doc. 22, at 7 ("Plaintiff should refrain from filing any additional motions until the Report has been filed and the Court has screened any second amended complaint that he files."); Doc. 29, at 2 ("Plaintiff should refrain from filing anything other than his second amended complaint until the Report has been filed and reviewed by the Court."). In addition, Plaintiff filed an

1

Interlocutory Appeal that was pending before the Tenth Circuit Court of Appeals until the mandate was issued on December 19, 2024.  *See* Mandate, Doc. 64 (dismissing appeal for lack of prosecution).

Despite the Court's orders to refrain from filing motions and the pending Interlocutory Appeal, Plaintiff filed fourteen motions and an objection.  They are summarized as follows:

**Motion Showing the Court that there are No Meaningful Administrative Remedies Processes/Grievance Processes/With Denial of Eighteen BP-9 Filed Remedies and Showing the Court the False and Untruthful Statements Made by the Defendants through their Affidavits in the "Special Report" (Doc. 44):**  Plaintiff's motion includes eighteen BP-9 grievance forms that Plaintiff personally filed after the lockdowns. (Doc. 44, at 3.)  Plaintiff claims that it is the norm at the prison to find any reason whatsoever to deny the grievances.  *Id*.  Plaintiff lists his eighteen grievances and the reasons given for their denial.  *Id*. at 5–7; *see also* Docs. 44–3 through 44–20.

**Motion of Information Regarding the Continued Lockdowns without any Administrative Remedies (Doc. 46):**  Plaintiff continues to argue that there are no administrative remedies due to continued lockdowns.

**Motion Requesting the Court to Order the Facility to Find My Personal Property and Legal Books Confiscated from Me by Prison Staff so Plaintiff may Know What to File in the Pending Civil Action and to Provide Access to Legal Law Library (Doc. 47):**  Plaintiff seeks access to D-Unit to locate his confiscated property.

**Motion of Information Concerning the Reopening of B-Upper Unit Which Remains a Severe Health Hazard with Request for Court Order Permanently Closing the Unit (Doc. 48):**  Plaintiff argues that Defendants have painted over some of the black mold areas and reopened the back half of B-Upper Unit.  (Doc. 48, at 1.)  Plaintiff alleges that the showers were painted, but the small black dots come right back through the new paint.  *Id*. at 2.  Plaintiff asks the Court to order the unit closed.  *Id*. at 3.

**Motion of Information Regarding Continued Lockdowns without Showers and Hygiene Items (Doc. 49):**  Plaintiff claims that inmates are being locked down and hygiene items are not being delivered to inmates.  (Doc. 49, at 1–2.)  Plaintiff also claims that his prison account is being blocked.  *Id*. at 2.

**Response and Objections to Memorandum/Order Dated October 2, 2024, with Request for Injunctive Relief (Doc. 52):**  Plaintiff objects to this Court's Memorandum and Order at Doc. 43.  Plaintiff continues to argue that Defendants are painting over the black mold in the accessible areas of B-Upper Unit and some areas are not accessible. (Doc. 52, at 2.)  Plaintiff again asks the Court to close B-Upper Unit.  *Id*.  Plaintiff makes claims regarding the blocking of his prisoner account based on his FRP refusal.  *Id*. at 4.

2

Plaintiff alleges that the blocking of his account constitutes "targeted retaliation/harassment." *Id*. at 5. Plaintiff asks the Court to order access to his prison account. *Id*. at 7. Plaintiff argues that there is still an issue regarding the rodent infestation and mice droppings where food is prepared and continuous lockdowns. *Id*. at 10–11. Plaintiff also raises medical claims regarding support hose for his injured leg, lack of a knee sleeve/knee wrap, lack of a wrist sleeve/wrap, and ibuprofen for pain. *Id*. at 11–12.

**Objection to the Court's Order/Memorandum dated October 2, 2024 (Doc. 55):** Plaintiff makes claims regarding his legal mail being opened outside of his presence. (Doc. 55, at 1.) Plaintiff also claims that a nutritional menu is not being followed at the facility and inmates are denied showers for up to two weeks at a time. *Id*. at 2. Plaintiff makes claims regarding the conditions during the 45-day lockdown in March and April of 2024. *Id*. at 2–4, 6. Plaintiff continues to make claims regarding the black mold and rodent problems. *Id*. at 4–5. Plaintiff makes additional claims regarding the freezing of his prisoner account and the lack of hygiene items. *Id*. at 10–11. Plaintiff also takes issue with not being allowed to add additional plaintiffs to this action. *Id*. at 13–15.

**Motion of Information Regarding Continued Improper Medical Care and Failure to Provide Medicine Required Prescribed by Doctors and Surgeons (Doc. 56):** Plaintiff alleges that he was locked in a cell without proper medical care after requesting help for over one week. (Doc. 56, at 1.) Plaintiff alleges that he passed out due to blood loss and was transferred to the hospital where he received a blood transfusion and emergency surgery. *Id*. Plaintiff alleges that he was prescribed medication to take twice daily with meals to combat acid in his stomach and to ensure the three bleeding ulcers and hernia in his stomach were protected from further harm due to various foods. *Id*. at 1–2. He acknowledges that he was allowed to see the medical doctor who did prescribe his medication, but claims that after six months he was not given his required medication. *Id*. at 2. Plaintiff states that he refused lower GI exploratory surgery, but he did not refuse his medication. *Id*. at 3. He also asks the Court to order that he be provided with his medication, vision testing, and dental care. *Id*. at 3–4.

**Motion Requesting Discovery Evidence under the Federal Rules of Civil Procedure in the Civil Action (Doc. 57):** Plaintiff seeks discovery, including photos taken in 2024 during a tour of the facility by the Regional Directors and staff and photos taken during an audit in late 2024. (Doc. 57, at 2.) Plaintiff also seeks production of memorandums written by staff members and interoffice communications. *Id*. at 3.

**Motion of Improper Continued Conditions at the Federal Facility with Request for Court Orders to Stop the Continuous Violations of B.O.P. Policies, Federal Law, and Inmates Civil Rights as to be Free from Cruel and Unusual Types of Punishment (Doc. 58):** Plaintiff claims lack of medical, dental, and vision care. (Doc. 58, at 1.) Plaintiff alleges that continued lockdowns prevent inmates from going to scheduled appointments. *Id*. at 2. Plaintiff also asserts that hygiene items are not being provided, showers are not being offered daily, laundry services are not being offered during

3

lockdowns, nutritional meals are not being provided, and one hour of out-of-cell recreation is not being provided daily. *Id*. at 2–4. Plaintiff also claims that court access, library access, and grievance procedures are being denied. *Id*. at 5–6.

**Motion of Information to the U.S. District Court and to the Inspector General's Office and New Ombudsman/Committee Enacted by President Biden for Continued Violations by Employees of the Federal Bureau of Prisons (Doc. 59):** Plaintiff asserts claims regarding medical, dental, and vision care; prescribed medications; nutritious meals; lack of showers; lack of hygiene items; lack of clean laundry service; lack of electricity in cells for weeks; improper housing in B-Upper Unit due to black mold; prolonged lockdowns; refusal to provide educational programming and proper halfway house placement; failure to provide water and lack of toilets; failure to provide cleaning supplies; failure to provide one hour of out-of-cell recreation; failure to supply writing supplies; failure to provide access to computers and law library; and illegal confiscation of inmate property. (Doc. 59, at 1.)

**Motion of Information Concerning Inability to Obtain and File Proper Administrative Remedies with Continued Retaliation and Harassment by Prison Staff and Continued Deprivations (Doc. 60):** Plaintiff claims that he has not been provided with new administrative remedy forms that he requested months ago from staff. (Doc. 60, at 1.) Plaintiff acknowledges that he did obtain six forms which he filed and is awaiting a response from the warden. *Id*. Plaintiff claims that he is being denied writing materials and stamps. *Id*.

**Motion Requesting Discovery Evidence in Relation to Civil Action of B.O.P. Administrations Failures to Provide Inmate Administrative Remedies Process and Efforts to Continuously Thwart the Administrative Remedy Process (Doc. 61):** Plaintiff requests discovery in the form of video/audio surveillance footage from March 1, 2024 to May 1, 2024, and copies of all administrative remedies filed during this same timeframe. (Doc. 61, at 1–2.) Plaintiff also seeks the production of his inmate account from March 1, 2024 to December 3, 2024, to show that he was denied access to his funds. *Id*. at 2–3. Plaintiff also seeks the production of the signs on counselors' doors and a schedule of the lockdowns. *Id*. at 3.

**Motion of Information Showing that There are No Meaningful Administrative Remedies Process at this Prison with Failures to Answer My Grievances/Remedies, with Copys [sic] Sent to the Superiors in Region and the Inspector General over the Federal Bureau of Prisons in Washington Showing the Prison Continues to Retaliate and Harass Donald West for Filing the Civil Action by Continuously Blocking and Unblocking Phone Numbers on His Approved Contact Phone List and Refusal to Process Grievances and Process BP-199 Funds for Child Support/Family Aid on His Approved Contact List (Doc. 62):** Plaintiff claims that FCIL continues to fail to answer grievances within the prescribed time limit of thirty days. (Doc. 62, at 1–2.) Plaintiff attaches two BP-10s that he submitted to the Regional Director's Office. (Doc. 62–1.)

**Motion Requesting Federal Court and Federal United States Attorney Officers to Empanel a Federal Grand Jury and to Subpoena the Listed Inmates of the Suit and who Provided Legal Writing to the Court and Federal District Judge John W. Lungstrum Describing the Very Inhumane Treatments and Violations of Each Inmates' Protected Constitutional Rights by On-going Deliberate Indifference and Knowingly Willful Neglect by the Prison Staff Administration and Employees Violating State and Federal Laws, B.O.P. Policies, and Each Inmate's Civil Rights (Doc. 63):** Plaintiff asks the Court to order the United States Attorney's Office to empanel a Federal Grand Jury. (Doc. 63, at 1–2.)

The Court is denying Plaintiff's motions. Some of the motions appear to be for informational purposes, and others seem to add claims or seek injunctive relief. The Court will give Plaintiff an opportunity to file a third amended complaint to include all of his claims. His claims should all be included in his third amended complaint and not set forth in various motions and pleadings in this case. To the extent some of the motions seek discovery, the Court finds that any request for discovery is premature until Plaintiff has submitted a complaint that has passed screening.

Plaintiff's request to impanel a grand jury is likewise denied. Section 3332 does not create a private right of action. *See* 18 U.S.C. § 3332(a). Private rights of action to enforce federal law must be created by Congress, and courts look to whether the text of the statute itself clearly "display[s] congressional intent to create new rights." *Morales v. U.S. Dist. Court for Southern Dist. of Florida*, 580 F. App'x 881, 886 (11th Cir. 2014) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 289 (2001)). "And Congress must 'display[ ] an intent to create not just a private right but also a private remedy." *Id*. (citing *Alexander*, 532 U.S. at 286).

The court in *Morales* held that there is no "rights-creating" language in § 3332(a), and even if the language "arguably implies some potential duty owed on the part of the U.S. Attorney to present information to a special grand jury, that is not a duty owed to Morales individually."

*Id*. (citing *Alexander*, 532 U.S. at 289) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."); *see also Hantzis v. Grantland,* 772 F.Supp.2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States,* No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), *corrected on other grounds,* No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg,* No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *see also Walters v. Vallani,* No. 2:09-CV-00505-KJD-GWF, 2010 WL 597086, at *7 (D. Nev. Feb.16, 2010) (decision regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court); *Arnett v. Unknown,* No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no "clear and unambiguous" statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so").

## 2. Plaintiff's SAC

As Count I of his SAC, Plaintiff claims an Eighth Amendment violation based on the black mold in B-Upper Unit.  (Doc. 41, at 8.)    As Count II, Plaintiff alleges an Eighth Amendment violation based on black mold and rodents in the kitchen area.  *Id.*  As Count III, Plaintiff alleges the denial of proper medical care due to the denial of medical care for one week, the 10-month delay in seeing a doctor, and the failure to provide medication .  *Id*. at 8–9.   As Count IV, Plaintiff alleges a failure to provide dental care resulting in damaged teeth.  *Id*. at 2. As Count V, Plaintiff alleges an improper diet and the failure to follow nutritional guidelines.  *Id*. Plaintiff alleges as Count VI, a failure to provide meaningful administrative remedies.  *Id*.  As

Count VII, Plaintiff alleges that there was no electricity in cells for three weeks at USP-Pollock, and for two weeks at FCIL. *Id*. at 3. Plaintiff alleges that this damaged his vision. *Id*. Plaintiff alleges in Count VIII that he was not provided with proper sanitation, water, and cleaning supplies during the prolonged lockdown in March and April of 2024. *Id*. As Count IX, Plaintiff alleges the failure to supply hygiene items. *Id*. at 4. As Count X, Plaintiff alleges the failure to provide laundry service and clean clothing during the prolonged lockdown. *Id*. As Count XI, Plaintiff alleges the failure to provide a legal law library during most of 2023 and 2024 due to prolonged lockdowns. *Id*. As Count XII, Plaintiff alleges the failure to provide out-of-cell recreation for eleven months during July 7, 2023 to July 7, 2024. As Count XIII, Plaintiff alleges that his personal property was lost during the prolonged lockdown in March and April of 2024. *Id*. at 4–5. As Count IV, Plaintiff alleges that he was denied communications with his family, writing materials, and stamps. *Id*. at 5.

Plaintiff should keep the following in mind when submitting a third amended complaint. Plaintiff is the only Plaintiff in this case. He continues to refer to other inmates as plaintiffs. On December 23, 2024, the Court entered a Memorandum and Order (Doc. 65) denying the motion filed by Christopher N. Roth seeking to join this case. Any request for other inmates to join this case would be denied for the same reasons set forth in the Court's Memorandum and Order at Doc. 65. Therefore, Plaintiff should only assert his own claims in any third amended complaint that he files.

In his SAC, Plaintiff seeks money damages, release from prison, and the prosecution of several Defendants. (Doc. 41, at 10.) The Court found in the July 18, 2024 Memorandum and Order at Doc. 17 that Plaintiff does not have a cause of action for money damages under *Bivens*. (Doc. 17, at 9–12.) Release from prison is not an available remedy in this civil rights case.

When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973).

Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the Defendants. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")).

To the extent Plaintiff is seeking injunctive relief, he should specify the relief sought in his third amended complaint. The Court is concerned with Plaintiff's claims regarding black mold, a rodent infestation, and the lack of medical care and hygiene items. However, Plaintiff should specify the injunctive relief he is seeking to remedy the situations going forward. Issues based on the lockdown in March and April of 2024 would not be able to be cured by injunctive relief unless the issues are ongoing.

Plaintiff does not have a cause of action based on the failure to respond to grievances or the untimely responses to grievances. Plaintiff acknowledges that a grievance procedure is in place and that he used it. He attaches multiple grievances to his motions filed in this case. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th

Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim. To the extent Plaintiff argues that forms were not readily available, his arguments may be relevant if Defendants raise the failure to exhaust as an affirmative defense. Plaintiff will be allowed to show that administrative remedies were unavailable.

Plaintiff does not have a cause of action regarding his property. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable.

Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing a third amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his third amended complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

Plaintiff is given an opportunity to submit a third amended complaint on the Court-approved form that cures all the deficiencies noted herein.[1] Plaintiff is given time to file a complete and proper third amended complaint in which he (1) raises only properly joined claims

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (24-3051-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions (Docs. 44, 46, 47, 48, 49, 52, 56, 57, 58, 59, 60, 61, 62, and 63) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 3, 2025,** in which to file a third amended complaint that cures the deficiencies noted herein.

The Clerk is directed to send § 1331 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 3, 2025, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

12