IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

      **Plaintiff,**

      v.                                                    CASE NO. 24-3051-JWL

(FNU) (LNU), Director,
Federal Bureau of Prisons, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCIL"), filed this pro se civil action regarding his conditions of confinement at FCIL. On July 18, 2024, the Court entered a Memorandum and Order (Doc. 17) granting Plaintiff an opportunity to file a second amended complaint to cure the deficiencies set forth in the Memorandum and Order, and ordering FCIL officials to submit a limited *Martinez* Report regarding the availability of administrative remedies at FCIL. On January 3, 2025, the Court entered a Memorandum and Order (Doc. 67) ("M&O) screening Plaintiff's Second Amended Complaint (Doc. 41) ("SAC"), and granting Plaintiff until February 3, 2025, to file a third amended complaint to cure the deficiencies noted in the M&O. This matter is before the Court on several motions filed by Plaintiff following entry of the M&O.

**I. Pending Motions**

    **1. Motion for Extension of Time (Doc. 71)**

In his motion for extension of time, Plaintiff states that he did not receive the Court's M&O until January 18, 2025, and seeks a 30-day extension of time to submit a third amended complaint. (Doc. 71, at 1.) The Court will grant the request for an extension of time.

1

**2. Motion to the Court Showing that there are no Types of Administrative Remedies at this Facility (Doc. 68)**

Plaintiff alleges that inmates' grievances are not being answered and therefore they are taking the next step by filing with the Regional Director. Plaintiff seeks to have these forms that were sent to the Regional Director added to the record. The remainder of the "motion" argues the merits of Plaintiff's claims regarding the inability to purchase hygiene items, continued lockdowns, and limited computer stations. *Id*. at 2–3.

**3. Motion of Information Showing the Court Staff Continues to Fail to Answer Electronic Requests and Administrative Remedies filed by Inmates and Continues to Retaliate and Harass Plaintiff by Refusing to Process BP-199's and Unblock Plaintiff's Family Phone Numbers Even After F.R.P. has been Satisfied and Account is Returned to Normal (Doc. 69)**

In this "motion of information" Plaintiff continues to argue that staff are not responding to grievances, and that there is continued harassment and retaliation by "the prison." (Doc. 69, at 1.) Plaintiff continues to set forth his claims regarding his conditions of confinement. Plaintiff requests "relief and investigation by this Honorable Court." *Id*. at 5.

**4. Motion Requesting Discovery Evidence (Doc. 70)**

Plaintiff seeks production of his medical records from USP Pollock and records regarding his transport to an outside hospital and surgeries. (Doc. 70, at 1–2.) Plaintiff again sets forth his claims regarding his conditions of confinement. *Id*. at 3–5.

## II. Discussion

In the Court's M&O, the Court addressed Plaintiff's motions that were pending at that time, and noted that the Court had cautioned Plaintiff on more than one occasion that he should refrain from filing any motions or other pleadings until the Court had screened his SAC. *See* Doc. 17, at 21; Doc. 22, at 7 ("Plaintiff should refrain from filing any additional motions until the Report has been filed and the Court has screened any second amended complaint that he

files."); Doc. 29, at 2 ("Plaintiff should refrain from filing anything other than his second amended complaint until the Report has been filed and reviewed by the Court."). In addition, Plaintiff filed an Interlocutory Appeal that was pending before the Tenth Circuit Court of Appeals until the mandate was issued on December 19, 2024. *See* Mandate, Doc. 64 (dismissing appeal for lack of prosecution). The Court noted that despite the Court's orders to refrain from filing motions and despite the pending Interlocutory Appeal, Plaintiff had filed fourteen motions and an objection. The Court denied those motions in the M&O, noting that some of the motions appear to be for informational purposes, and others seem to add claims or seek injunctive relief. The Court held that Plaintiff's "claims should all be included in his third amended complaint and not set forth in various motions and pleadings in this case." (Doc. 67, at 5.) The Court also noted that any request for discovery was premature and found that "Plaintiff does not have a cause of action based on the failure to respond to grievances or the untimely responses to grievances." *Id*. at 5, 8.

In the M&O, the Court also addressed Plaintiff's continuing reference to other inmates as plaintiffs. The Court cautioned Plaintiff that he is the only Plaintiff in this case, any request for other inmates to join this case would be denied for the same reasons set forth in the Court's Memorandum and Order at Doc. 65, and Plaintiff should only assert his own claims in any third amended complaint that he files.

Despite the Court's directives in the M&O, Plaintiff continues to file motions and continues to refer to the plaintiff in this action as "Donald Joseph West and the Inmates at the Federal Facility in Leavenworth, KS et al. Plaintiffs." *See, e.g.,* Doc. 68, at 1; Doc. 69, at 1; Doc. 70, at 1; Doc. 71, at 1. The Court denies the instant motions for the same reasons set forth in the M&O. Any request for discovery is premature and Plaintiff should include his claims in

his third amended complaint. In filing his third amended complaint, Plaintiff should note the deficiencies set forth in the M&O. Plaintiff should refrain from filing any additions motions, notices, or information with the Court until he has submitted his third amended complaint and it has been screened by the Court. Any additional submissions prior to that may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions (Docs. 68, 69, and 70) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 71) is **granted.** Plaintiff is granted until **March 3, 2025,** in which to file a third amended complaint that cures the deficiencies noted in the Court's M&O at Doc. 67.

**IT IS SO ORDERED**.

**Dated January 4, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**