IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

      **Plaintiff,**

      v.                                                               CASE NO. 24-3051-JWL

(FNU) (LNU), Director,
Federal Bureau of Prisons, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCIL"), filed this pro se civil action regarding his conditions of confinement at FCIL. On July 18, 2024, the Court entered a Memorandum and Order (Doc. 17) granting Plaintiff an opportunity to file a second amended complaint to cure the deficiencies set forth in the Memorandum and Order, and ordering FCIL officials to submit a limited *Martinez* Report regarding the availability of administrative remedies at FCIL. On January 3, 2025, the Court entered a Memorandum and Order (Doc. 67) ("M&O") screening Plaintiff's Second Amended Complaint (Doc. 41) ("SAC"), and granting Plaintiff until February 3, 2025, to file a third amended complaint to cure the deficiencies noted in the M&O. Plaintiff filed two motions to extend the deadline to comply, and the Court extended the deadline to March 3, 2025, and again to April 3, 2025. Plaintiff filed a third motion for an extension of time, and the Court extended the deadline to June 2, 2025, and provided Plaintiff with a copy of his SAC. (Doc. 76.) This matter is before the Court on Plaintiff's fourth Motion for Extension of Time (Doc. 77).

Although Plaintiff mentions that he needs additional time due to the lack of access to the law library, his motion mainly sets forth circumstances currently occurring at FCIL. Plaintiff

1

sets forth incidents occurring in April 2025, relating to his property, his placement in the SHU, and the conditions of the cell he was placed in after he was transferred from the SHU. Any unrelated claims that Plaintiff believes he has for events occurring in April 2025 should be raised in a new action after exhausting administrative remedies for those claims. To the extent Plaintiff seeks relief on these new claims in his motion for an extension of time, the request is denied.

The Court's M&O cautioned Plaintiff that: Plaintiff should only assert his own claims in any third amended complaint that he files; Plaintiff does not have a cause of action for money damages under *Bivens*; release from prison is not an available remedy in this civil rights case; the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the Defendants; Plaintiff does not have a cause of action based on the failure to respond to grievances or the untimely responses to grievances; Plaintiff does not have a cause of action regarding his property—deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy; and Plaintiff must follow Fed. R. Civ. P. 20 and 18, regarding joinder of claims and parties, when filing a third amended complaint.

The Court also provided in the M&O that:

> To the extent Plaintiff is seeking injunctive relief, he should specify the relief sought in his third amended complaint. The Court is concerned with Plaintiff's claims regarding black mold, a rodent infestation, and the lack of medical care and hygiene items. However, Plaintiff should specify the injunctive relief he is seeking to remedy the situations going forward. Issues based on the lockdown in March and April of 2024 would not be able to be cured by injunctive relief unless the issues are ongoing.

(Doc. 67, at 8.) Therefore, the Court has directed Plaintiff on what claims he cannot include in his third amended complaint and has directed him to specify what injunctive relief he is seeking. It is unclear why access to a law library would be needed to excise claims and specify the injunctive relief requested.

In his motion, Plaintiff asks the Court to send him a copy of the "Brief in Support," that he claims "lists the issues and monetary values requested as reference for the Third Amended Complaint." (Doc. 77, at 5.) The Court has already sent Plaintiff a copy of his SAC. It is not clear what document he is referencing as a "brief in support" and the docket in this case does not appear to reflect such a document. Therefore, the Court denies this request. Furthermore, the Court has already held that Plaintiff does not have a cause of action for money damages under *Bivens*.

Although the Court will grant Plaintiff's request to extend the deadline to July 7, 2025, the Court is not inclined to grant any further extensions absent compelling circumstances. Plaintiff filed this action on April 11, 2024, and has a duty to prosecute his claims. An action may be dismissed under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute his or her case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time (Doc. 77) is **granted** to the extent that the Court will extend the deadline to submit a third amended complaint. Any further relief requested in the motion is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 7, 2025,** in which to file a third amended complaint that cures the deficiencies noted in the Court's M&O at Doc. 67. The Court is not inclined to grant any further extensions absent compelling circumstances.

**IT IS SO ORDERED**.

Dated May 22, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
