IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

        Plaintiff,

v.

CRYSTAL CARTER,
FCI LEAVENWORTH, WARDEN,

        Defendant.

Case No. 24-cv-3051-JWB-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Donald Joseph West, a federal prisoner incarcerated at the Federal Correctional Institution–Leavenworth ("FCI Leavenworth"), filed this pro se civil action regarding his conditions of confinement on April 11, 2024. One of Plaintiff's claims for Eighth Amendment violations is based on his allegation regarding the presence of black mold throughout the B-Upper Unit at FCI Leavenworth. This matter is before the Court on the motion filed by non-party pro se prisoner Richard Washam (ECF No. 97) requesting that he be "attached" as an additional plaintiff in this case. The Court construes Mr. Washam's filing as a motion to intervene as a plaintiff in the case pursuant to Federal Rule of Civil Procedure 24 or, alternatively, a motion for permissive joinder as a plaintiff pursuant to Rule 20(a)(1). Defendant filed a response in opposition (ECF No. 100). As explained below, Mr. Washam's motion is denied.[1]

---

[1] An order denying a motion to intervene is a nondispositive pretrial matter within the magistrate judge's authority to decide. *See In re Syngenta AG Mir 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 4338257, at \*1 (D. Kan. Sept. 12, 2019) (concluding the magistrate judge's order denying the motion to intervene "did not resolve any claim or defense, and thus the motion presented only a nondispositive matter" within the magistrate judge's authority to decide)(citing *Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005)).

## I.    Permissive Joinder Under Fed. R. Civ. P. 20

The Court has already denied a similar motion in this case filed by Christopher Roth, another fellow pro se prisoner, to join this case as a plaintiff.[2] The Court reviewed Mr. Roth's motion under Rule 20(a)(1), which allows permissive joinder of plaintiffs, noting that courts have found permissive joinder of plaintiffs not feasible in prisoner litigation. "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)."[3] The Court also cited cases holding prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.[4] The Court found the claims Mr. Roth alleged he had in common with Plaintiff had not passed the statutory screening required by 28 U.S.C. § 1915A.

To the extent Mr. Washam seeks permissive joinder under Rule 20(a)(1), the Court denies his motion here for the same reasons it denied Mr. Roth's motion. Mr. Washam is also a fellow pro se prisoner seeking to be added as a plaintiff in this case. Mr. Washam attempts to assert claims concerning the alleged black mold at FCI Leavenworth that he would have in common with Plaintiff, but there is no indication that Mr. Washam's claims have passed screening.

---

[2] *See* Dec. 23, 2024 Mem. & Order (ECF No. 65).

[3] *Id.* (citing *Etier v. Soptic*, No. 22-3067-SAC, 2022 WL 1202395, at *3 (D. Kan. Apr. 22, 2022)).

[4] *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)). *See also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.")

## II.    Intervention Under Fed. R. Civ. P. 24

The Court also denies Mr. Washam's motion to the extent he seeks to intervene under Rule 24. First, the motion is denied for failure to comply with the notice and pleading requirements of Rule 24(c), which require a motion to intervene state the grounds for intervention and "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[5] Mr. Washam has not submitted his proposed pleading, typically an intervenor's complaint, setting out his claims for which he seeks to intervene in the case. Mr. Washam's motion to intervene thus does not contain the pleading required by Fed. R. Civ. P. 24(c) and must be denied but without prejudice. Even if the Court were to construe the allegations in his motion as his proposed pleading, they only address the black mold allegations and its impact on his health and do not mention any of Plaintiff's other surviving claims.[6]

Second, the Court finds Mr. Washam's motion to intervene is not "timely." Under Rule 24(b)(1), the court may permit intervention only on "timely motion." Timeliness is assessed "in light of all of the circumstances," including: (1) "the length of time since the applicant knew of his interest in the case," (2) "prejudice to the existing parties," (3) "prejudice to the applicant," and

---

[5] Fed. R. Civ. P. 24(c).

[6] On July 28, 2025, the Court entered its Memorandum and Order (ECF No. 85) finding the following claims in Plaintiff's Third Amended Complaint survive statutory screening under 28 U.S.C. § 1915A: (1) Counts I and II for black mold and rodent infestation; (2) the medical and dental claims regarding care at FCIL in Counts III and IV; (3) the claim regarding failure to provide hygiene items in Count VIII; and (4) the claim regarding the lack of communication with family/friends in Count XIV. The Court dismissed all of Plaintiff's other claims. The Court later clarified that the only remaining claims in this case are official capacity claims for injunctive relief against Warden Carter. *See* Order (ECF No. 89).

(4) "the existence of any unusual circumstances."[7] Here, Mr. Washam filed his motion on October 6, 2025, approximately eighteen months after Plaintiff filed this case on April 11, 2024. Significant activity has occurred in the case during those eighteen months, as evidenced by nearly a hundred entries on the docket at the time Mr. Washam filed his motion. During that time period, Plaintiff filed multiple complaints, the Court issued multiple orders, and a Martinez Report investigating the allegations made by Plaintiff was prepared and filed. It is not even clear from Mr. Washam's motion whether he was subjected to the same conditions at FCI Leavenworth during the incidents alleged in Plaintiff's complaints. Defendant proffers that Mr. Washam has only been at FCI Leavenworth since June 17, 2025. The Court finds it would cause prejudice to Defendant and possibly Plaintiff to allow Mr. Washam to intervene at this point.

Finally, because both Plaintiff and Mr. Washam are pro se prisoners, they are both subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including its requirement that administrative remedies be exhausted before bringing a prison conditions action.[8] Mr. Washam cannot intervene in this action because he fails to show that he has exhausted his administrative remedies under the PLRA.[9]

**IT IS THEREFORE ORDERED** that Mr. Washam's motion seeking to intervene or join as a plaintiff (ECF No. 97) is DENIED.

---

[7] *Porter v. Graves*, 597 F. App'x 964, 967 (10th Cir. 2014) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

[8] *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

[9] *See Georgacarakos v. Wiley*, No. 07-CV-01712-MSK-MEH, 2009 WL 1594800, at *4 (D. Colo. Mar. 23, 2009) (recommending denial of fellow pro se prisoner's motion to intervene finding he failed to demonstrate he exhausted his administrative remedies under the PLRA).

A paper copy of this Order will be mailed to Mr. Washam and Plaintiff Donald West.

IT IS SO ORDERED.

Dated March 6, 2026, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge