IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD JOSEPH WEST,

        Plaintiff,

v.                                           Case No. 24-3051-JWB

CRYSTAL CARTER, FCI
LEAVENWORTH, WARDEN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's "objections" (Doc. 146)[1] to this court's order dismissing this matter (Doc. 143) as well as Plaintiff's request for injunctive relief (Doc. 147). The court construes Plaintiff's "objections" as a motion for reconsideration brought pursuant to Rule 59. Defendant has not filed a response and the time for doing so has passed. Plaintiff also moved for leave to appeal in forma pauperis ("IFP"). (Doc. 152.) For the reasons stated herein, Plaintiff's motion for reconsideration (Doc. 146) and request for injunctive relief (Doc. 147) are DENIED and Plaintiff's motion to appeal IFP (Doc. 152) is DENIED WITHOUT PREJUDICE.[2]

## I.    Facts

Donald West ("Plaintiff") brings this action pro se against Crystal Carter, the Warden of the Federal Correctional Institution in Leavenworth, Kansas ("Defendant"). (Doc. 79.) The dispute centers on Plaintiff's allegations regarding his conditions of confinement. Eventually,

---

[1] Plaintiff also filed an objection regarding Defendant's response to Plaintiff's motion for evidence. (Doc. 145.) This objection is properly viewed as a reply brief and not an objection. Therefore, it is moot.

[2] Plaintiff's IFP motion did not include an accompanying financial affidavit. When determining whether a party is eligible to file without prepayment of the fee, the court reviews a party's financial affidavit and compares his monthly expenses with the monthly income disclosed therein. Here, however, the court is unable to conduct the required comparison where Plaintiff has not disclosed any financial information. Accordingly, Plaintiff's motion is denied without prejudice.

1

Defendant filed a dispositive motion (Doc. 111) on the grounds that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e. Upon the motion becoming ripe, this court found that Plaintiff had failed to exhaust his administrative remedies under the PLRA with respect to the six claims that survived screening. (Docs. 143 at 15; *see* 85.) Thus, Plaintiff's case was dismissed and judgment entered. (Doc. 144.) Plaintiff has now moved to reconsider that order. The time to respond has passed and the court is prepared to rule.

## II.    Standard

Although Plaintiff's motion is framed as an "objection," judgment has been entered. Therefore, his motion is construed as one seeking to alter or amend judgment under Rule 59(e). *Price v. Philpot*, 420 F.3d 1158, 1167, n.9 (10th Cir. 2005); *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label."). Rule 59(e) has a narrow scope. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Lenexa 95 Partners, LLC v. Kin, Inc.*, No. 20-2367-JWB, 2023 WL 171925, at *1 (D. Kan.) (citation omitted), *appeal dismissed*, No. 23-3025, 2023 WL 5608807 (10th Cir. Apr. 27, 2023). A Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that

could have been raised prior to entry of the judgment." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on his behalf. *Id*.

### III. Analysis

Plaintiff's request for reconsideration, nearly in its entirety, is as follows:

> [Plaintiff] timely objects to the district clerks [*sic*] order dismissing the case while motions were pending, and without requested discovery materials, interrogatories and depositions being provided for the inhumane treatment and severe health hazzards [*sic*] by the defendants as well as retaliation and harassment and violations of [Federal Bureau of Prisons ("BOP")] policies and rights listed in the inmate orientation handbook, all issues which passed screening process and injunctive relief being ordered by the Honorable John W. Lungstrum, with no injunctive relief ever being provided and no costs, fees ever being provided back to the Plaintiffs.

(Doc. 148 at 1–2.) Plaintiff's lawsuit challenged his prison conditions. His case was dismissed for failure to exhaust the BOP's administrative remedy process. (*See* Doc. 143.) As the Tenth Circuit has held, "[a] prisoner can sue over prison conditions only after exhausting administrative proceedings." *Greer v. Dowling*, 947 F.3d 1297, 1301 (10th Cir. 2020). Plaintiff does not argue an intervening change of law or discovery of new evidence which was not previously available. At best, he can only be asserting manifest injustice or clear error, presumably by arguing that the court failed to view the evidence in the light most favorable to him. Even so, Plaintiff fails to address the sole grounds for which his lawsuit was dismissed: exhaustion of his administrative remedies. In any event, the vague, conclusory nature of Plaintiff's motion leaves the court wholly unable to perform any meaningful review. Plaintiff's motion fails to raise any basis under Rule 59 that would support relief from the judgment because his motion merely reiterates the same assertions that were previously raised and rejected.

**IV.    Conclusion**

THEREFORE, Plaintiff's motion for reconsideration (Doc. 146) is DENIED.  Plaintiff's motion for injunctive relief (Doc. 147) is DENIED AS MOOT.  Plaintiff's motion to appeal IFP (Doc. 152) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 10th day of July, 2026.

___s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE